UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY AGNEW | : | |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 08-cv-446 (JCH) |
| | : | |
| UNITED STATES OF AMERICA | : | JULY 13, 2009 |
|     Respondent. | : | |

**RULING RE: MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

**I.   INTRODUCTION**

On March 30, 2004, a jury found petitioner Gary Agnew guilty of 15 counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of federal employee compensation fraud in violation of 18 U.S.C. § 1920.  Agnew was sentenced to 21 months of imprisonment and ordered to pay restitution in the amount of $84,403.  Agnew now brings a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), challenging his conviction and sentence on the grounds that newly discovered evidence demonstrates that he was wrongly convicted.  Agnew proceeds pro se.

The respondent, the United States of America (the "government"), opposes Agnew's Motion.  Specifically, the government argues that Agnew's Motion should be denied because it is a successive petition filed without permission of the Court of Appeals, and because it lacks merit.

For the reasons that follow, the Agnew's Motion to Vacate, Set Aside, or Correct Sentence is denied.

-1-

## II.     STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. U.S., 59 F.3d 296, 301 (2d Cir. 1995) (internal citation omitted). "As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994) (internal citations and quotation marks omitted). Because Agnew proceeds pro se, the court must read his "submissions broadly so as to determine whether they raise any colorable legal claims." Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) (citing Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002)).

## III.    BACKGROUND

Agnew is a former U.S. Postal Service employee. See Ruling on Motion for Judgment of Acquittal or in the Alternative for a New Trial, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 72), at 1. Beginning in February 2001, Agnew had a number of knee surgeries which, he claimed, left him disabled and unable to work. See id. He was classified as having a "total disability" and began to receive monthly disability compensation from the United States. See id.

In early 2002, the government began surveilling Agnew. See id. He was observed at International Motorcars, Inc., a car dealership in Berlin, Connecticut, acting

in what appeared to be a sales capacity.  See id.  When approached by undercover agents posing as customers, Agnew stated that he was "semi-retired" and working at International Motorcars, Inc.  See id.  The government subsequently obtained evidence of checks made out to Agnew's wife by International Motorcars, Inc. which, it claimed, corresponded to the time Agnew was working at the dealership.  See id.

On August 26, 2003, a sixteen court indictment was returned against Agnew, charging him with mail fraud and federal employee compensation fraud.  See Indictment, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 1).  The government alleged that, although Agnew worked at International Motorcars, Inc., he mislead the United States and his own physicians as to his ability to work in order to continue receiving workers' compensation payments from the United States at the "total disability" level.  See id.  Following a trial, on March 30, 2004, a jury found Agnew guilty on all counts.  See Jury Verdict, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 56).  On December 6, 2004, Agnew was sentenced to 21 months imprisonment and was ordered to pay restitution in the amount of $84,403 to the United States.  See Judgment, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 89).

On December 6, 2004, Agnew appealed his sentence.  See Notice of Appeal, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 90).  On January 31, 2005, he filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to  28 U.S.C. § 2255, challenging his sentence in light of the Supreme Court's then-recent decision in United States v. Booker, 543 U.S. 220 (2005).  See Motion, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 129).  On March 9, 2005, the court stayed Agnew's section 2255 Motion pending the outcome of his direct appeal.  See Order, United States v. Agnew,

03-cr-241 (JCH) (Doc. No. 99).

On May 24, 2005, the Second Circuit remanded Agnew's case for resentencing in light of Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  See Mandate, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 111).  On June 13, 2005, the court held a resentencing hearing and concluded that there was no basis to modify its original sentence.  See Minute Entry, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 112).  Agnew subsequently appealed, and in April 2006, the Second Circuit affirmed the sentence of 21 months imprisonment and the restitution order of $84,403.  See Notice of Appeal, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 113); Mandate, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 126).  In light of the Second Circuit's Mandate, on September 12, 2007, the court denied Agnew's January 2005 section 2255 Motion as moot.  See Ruling, United States v. Agnew, 03-cr-241 (JCH) (Doc. No. 136).  On March 12, 2008, Agnew filed a new section 2255 Motion in which he raises a number of due process claims.  The court now addresses that Motion.

**IV.    DISCUSSION**

    A.    Successive Petitions

The government argues that the Motion currently before the court is a "second or successive" petition for relief within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and therefore this Motion was improperly filed in this court because Agnew has not obtained prior authorization from the Court of Appeals.  See 28 U.S.C. §§ 2255, 2244(b)(3)(A).  The court disagrees.  Agnew's January 31, 2005 petition was denied as moot in light of

his resentencing. See Ruling, 03-cr-241 (JCH) (Doc. No. 136), at 1. It was neither adjudicated on the merits nor dismissed with prejudice, and therefore did not afford Agnew his one full opportunity to seek collateral review. See Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001) ("[B]efore a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice"); Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002) ("AEDPA ensures every prisoner one full opportunity to seek collateral review") (quotation omitted). Consequently, the court will address the merits of Agnew's Motion.

B.      The Merits of the Section 2255 Motion

While Agnew's precise arguments are difficult to discern, read broadly his Motion appears to assert two distinct due process claims: (1) the order of restitution which resulted from the 2004 conviction must be vacated because the Department of Labor never made a formal finding that Agnew was not entitled to the workers' compensation checks he received;[1] and (2) the 2004 conviction must be vacated because the U.S. Attorney for the District of Connecticut pursued a criminal case against Agnew without first exhausting the administrative process set forth in the United States Postal Service's Employee Labor and Relations Manual.[2] Both claims lack merit.

---

[1] Agnew asserts this claim for the first time at this late stage because of an August 27, 2007 letter from the Employment Standards Administration, Office of Workers' Compensation Programs, United States Department of Labor, in which a claims examiner states, "[W]e have not issued an overpayment decision in your case at this time." See Motion, Doc. No. 1, at 9. According to Agnew, if the Department of Labor has not yet determined that he was overpaid, the restitution order entered by the court must be vacated. For the reasons set forth in this Ruling, the court disagrees.

[2] In his Reply (Doc. No. 21), Agnew raises a number of claims regarding issues ranging from the U.S. Postal Inspection Service's "jurisdiction" to make visits to his treating physician, to the propriety of the use, at sentencing, of an investigative memorandum prepared by the Postal Inspection Service. The court does not consider these arguments, however, because Agnew raises them for the first time in his reply brief. See Keefe v. Shalala, 71 F.3d 1060, 1066 (2d Cir. 1995) ("[W]e will not consider arguments raised

Agnew's claims seem to stem from a misunderstanding of the relationship between the criminal statutes under which he was convicted and the civil statutes governing federal employees' workers' compensation programs. Contrary to Agnew's apparent belief, a district court may determine a loss amount and issue a restitution order in a criminal case involving a scheme to defraud the United States by fraudulently obtaining disability checks from the Department of Labor.[3] See United States v. Brothers, 955 F.2d 493 (7th Cir. 1992) (after defendant was convicted of fraudulently obtaining disability benefit checks in the amount of $67,000 from the United States Department of Labor in violation of 18 U.S.C. § 1341, the district court ordered defendant to pay restitution in the amount of "approximately $70,000." The Seventh Circuit remanded to the district court for a determination of the exact restitution figure). Further, when a federal prosecutor has probable cause to indict an individual for a criminal offense involving such a scheme, the prosecutor need not, as Agnew claims, pursue the administrative process set forth in the United States Postal Service's Employee Labor and Relations Manual. In such a case, the prosecutor may pursue criminal charges in federal court. Accordingly, neither of Agnew's claims provide a basis for the court to vacate, set aside, or correct his sentence.

---

for the first time in reply briefs . . .").

[3] Agnew's confusion stems from the language of 18 U.S.C. § 8128, which states, "The action of the Secretary [of Labor] or his designee in allowing or denying a [workers' compensation] payment . . . is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." Such statute does not, however, prevent a district court from determining a loss amount or entering a restitution order based on fraudulently obtained workers' compensation checks in a criminal case.

**V.     CONCLUSION**

For the foregoing reasons, petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED**.

Dated at Bridgeport, Connecticut, this 13th day of July, 2009.

        /s/ Janet C. Hall
Janet C. Hall
United States District Judge